GEORGE A. PERDICARIS *v*. SAMUEL G. WHEELER, Jr., LEWIS
PERRINE and DANIEL B. ALLEN.

P. exhibited his bill for foreclosure, &c., on a mortgage given to him by W., dated June
   30, 1845, and made L., a prior mortgagee, and A., a subsequent mortgagee, parties
   defendants with the mortgagor. The defendant A. put in his answer, setting out his
   mortgage. W., in his answer, admitted P.'s mortgage, but stated certain facts on
   which he claimed that A.'s mortgage should be held to be prior to that of P. He
   admitted the mortgage to L., and the mortgage to A. W. afterwards filed a bill in
   the nature of a cross bill, for the purpose of contesting A.'s mortgage, stating, that
   the balance due on A.'s mortgage consisted of a check drawn by W.'s father, to the
   order of A., on a certain Bank in N. Y., which check, he states, was to be assigned
   and delivered to him, W., whenever A. should be requested to do so. That he has
   demanded of A. an assignment and delivery of the said check, and that A. refused
   it. This bill prays that A. may discover, &c.; and that the proceedings on P.'s bill
   may be stayed until A.'s answer to this bill shall come in; and that the mortgage to
   A. may be decreed to be delivered up to be cancelled. On this bill a motion was
   made in behalf of W. that proceedings on P.'s bill be stayed, &c. The motion was
   denied. Subsequently, the cause on P.'s bill was heard; and the Court directed
   that the mortgaged premises be sold, and that the amounts due P. and L., respect-
   ively, be paid, and that the surplus be brought into Court, to abide the further order
   of the Court in reference to the mortgage given to A. A. put in his answer to W.'s
   bill; and a replication was filed, and testimony taken; and a decree was made sus-
   taining A.'s mortgage.

On the 1st July, 1846, George A. Perdicaris exhibited his bill
for foreclosure, &c., on a mortgage, dated June 30, 1845, exe-
cuted to him by Samuel G. Wheeler, Jr., to secure the payment
of a bond therein mentioned, of the same date, conditioned for
the payment of $3,775 10, in one year, with interest. The
mortgage was on a mill and two lots adjoining the same in South
Trenton, and on all the machinery, fixtures and appendages in
the mill.

The bill states that, on the 15th April, 1845, the said Samuel
G. Wheeler, Jr. executed a mortgage to Lewis Perrine on the
same real estate, to secure $3,000; but that the said mortgage
did not cover the machinery in the mill.

And that, on the 31st July, 1845, the said Samuel G. Wheeler,
Jr. executed a mortgage to Daniel B. Allen on the same real estate,

to secure the payment of $3,500 ; but that this mortgage did not cover the machinery in the said mill. The said Perrine and Allen are made defendants.

The defendant Allen put in his answer, setting out his mortgage.

The defendant Wheeler, in his answer, admitted the complainant's mortgage, but stated certain facts on which he claimed that the mortgage to A. should be held to be prior to that of the complainant. He admitted the mortgage to Perrine ; and admitted the mortgage to Allen, but stated that $2,000, or thereabouts, had been paid on it, leaving unpaid thereon $1,500, or thereabouts.

The defendant Wheeler afterwards filed a bill in the nature of a cross bill, stating, shortly, the bill and the answers, and then stating that a portion of the indebtedness to secure which the bond and mortgage to Allen was given, being the balance now remaining due and unpaid thereon, as set forth in Allen's answer, consisted of and was a check purporting to have been drawn by one Samuel G. Wheeler to the order of said Allen, or of some other person, dated June 5, 1845, drawn upon the American Exchange Bank, or some other Bank in the city of New York, for $1,550 ; which said check, constituting, as aforesaid, the entire balance pretended by Allen to be due and unpaid of the principal sum mentioned in the said bond and mortgage to him, was to be transferred, assigned and delivered to him, Wheeler, Jr., whenever Allen should be thereto afterwards requested.

He says that by an account current between him and Allen, in the hand-writing and signed by Allen, it appears, and is admitted by Allen, that he, Wheeler, is therein charged and debited with the said check, and is credited with the said bond and mortgage ; said check, together with another item in said account, of $2,000, which last sum, with the interest thereon, has been paid, as admitted by said Allen's answer, constituting the $3,550 for which said bond and mortgage were given ; the difference of $50 or thereabouts being settled by a note of $50 or thereabouts, payable on demand. That he has

frequently and in a friendly manner desired Allen to transfer and assign to him the said check for $1,550; and has caused a formal demand to be made upon Allen to comply with his agreement and transfer and deliver to him, Wheeler, the said check; but that Allen neglects and has positively refused to do so, and still refuses. That Allen, by reason of the premises, is entitled to no decree against him in this cause; but that he, Wheeler, has no means of defending himself without the oath and discovery of Allen. He prays that Allen may answer; and that the proceedings in the cause pending between Perdicaris, complainant, and said Wheeler, Perrine and Allen, defendants, may be stayed until Allen's answer to this bill be before the Court; and that said bond and mortgage executed and delivered to Allen may be declared to have been improperly retained, and may be decreed to be delivered up to be cancelled; and for such other and further relief, &c. This bill is sworn to; and a certificate of P. D. Vroom, counsel, is annexed, that he is of opinion that it is not intended for delay, but is necessary for the attainment of justice.

On this bill, a motion was made on the part of Wheeler that all proceedings on the bill of Perdicaris be stayed until the answer of Allen to Wheeler's bill should come in.

This motion was argued by *P. D. Vroom* for the motion, and *S. G. Potts*, of counsel with Perdicaris, against it; and an order was made denying the motion.

Subsequently, the cause on the bill of Perdicaris came on to be heard on the bill, answers, replication and exhibits in that cause; and thereupon the Court declared that Perdicaris was entitled to relief; and that the mortgaged premises ought to be sold, and that the amounts due Perdicaris and Perrine, respectively, be paid; and that the surplus be brought into Court to abide the further order of the Court in reference to the mortgage given to Allen; and ordered a reference to ascertain the amounts due to Perdicaris and Perrine, respectively.

On the coming of the Master's report, a decree was made for

a sale of the mortgaged premises, directing that the surplus after paying Perdicaris's and Perrine's mortgages be brought into Court to abide, &c.

Allen put in his answer to Wheeler's bill. He admits that a portion of the indebtedness to secure the payment of which the bond and mortgage to him were executed and delivered consisted of and was a check drawn by one Samuel G. Wheeler to his, Allen's, order, of the date mentioned in the cross bill, upon the American Exchange Bank, for $1,550 ; which check is now in the possession of Stacy G. Potts, this defendant's counsel, at Trenton ; but he denies that there was any agreement between him and Samuel G. Wheeler, Jr., that the said check was to be assigned, transferred and delivered to said Wheeler, Jr., whenever this defendant should afterwards be requested to transfer, assign and deliver the same.

He admits that it may be true that, in an account current between said Wheeler, Jr., and him, in his handwriting, the said Wheeler, Jr., is charged and debited with the said check, and is credited with the said bond and mortgage to him, Allen, and that said check together with another item in said account current of $2,000 constituted the $3,550 for which the said bond and mortgage to him were given, and also a note for $50 or thereabouts, payable on demand.

He denies that said Wheeler, Jr., has ever requested him to transfer and assign to said Wheeler, Jr., the said check for $1,550, or has ever caused a formal demand to be made upon him for the said check ; but, on the contrary, avers that, some time about the 1st of June, 1847, in a conversation with the said Wheeler, Jr., in reference to the amount of said check, he stated to said Wheeler, Jr., that he would send said check to S. G. Potts, his counsel, in Trenton, with instructions to deliver it to said Wheeler, Jr., when said mortgage debt should be paid, and that said Wheeler, Jr., made no objection to the arrangement ; and the first intimation he had of any difficulty made or dissatisfaction expressed by said Wheeler, Jr., in relation to the said check, was by information from said S. G. Potts of the filing of

the said cross bill and the allegation therein that such request and demand had been made on this defendant.

He further says that, immediately upon receiving such information from his said counsel, he sent the said check to his said counsel, with full authority to deliver the same to the said Wheeler, Jr., if he should deem it proper to do so.  And he has been informed and believes that his said counsel, shortly after receiving said check, informed Mr. Vroom, counsel of said Wheeler, Jr., and afterwards the said Wheeler, Jr., himself, that the said check was in his hands and ready to be delivered up whenever said Wheeler, Jr., wished to have it.  That said check has since that time remained and still remains in the custody of his said counsel, ready to be delivered to said Wheeler, Jr., or his said counsel, whenever either of them shall be willing to receive the same, or to be otherwise disposed of as this Court shall direct.  And he submits that he is entitled to a sale of the premises in his said mortgage mentioned, and to payment of such sum as may be found due to him on his said bond and mortgage.  A replication was filed to this answer; and testimony was taken. And the cause on the cross bill was brought to hearing in March, 1849.

*P. D. Vroom* for the complainant in the cross bill.

*S. G. Potts* for the defendant Allen.

THE CHANCELLOR.    A decree will be made for the payment of the mortgage to Allen.

Decree accordingly.